PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TINA MARIE STARK, | ) |
| | ) CASE NO. 1:20-CV-2009 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) **MEMORANDUM OF OPINION &** |
| | ) **ORDER** |
| Defendant. | ) [Resolving ECF No.19] |

The assigned magistrate judge issued a Report and Recommendation (ECF No. 18) affirming Defendant's final decision denying Disability Insurance Benefits ("DIB") to Plaintiff. Plaintiff objects to the Report and Recommendation. ECF No.19. The Commissioner provided a substantive response to the objections. ECF No. 20. For the reasons below, Plaintiff's objections (ECF No.19) are overruled, and the Report and Recommendation (ECF No. 18) is adopted.

The Report and Recommendation thoroughly narrates the extensive procedural history, medical evidence, and hearing testimony. The Court presumes the parties' familiarity with this case's extensive background and discusses only facts relevant to the narrow issues now before the Court.

**II. Standard of Review**

When a magistrate judge submits a report and recommendation, the Court is required to conduct a *de novo* review of the issues in the portions of the report and recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific,

(1:20-CV-2009)

not general, to focus the Court's attention on contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's *de novo* review of the ALJ's decision invited by Plaintiff's Objection to the Report and Recommendation is "limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec. of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (*per curiam*).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (*per curiam*). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This standard "allows considerable latitude to administrative decision makers. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and consider that which fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

(1:20-CV-2009)

### III. Plaintiff's Objections

Plaintiff raises what amounts to two main objections. The first objection argues that the magistrate judge erred by not considering Plaintiff's new physical impairment, headaches, and concluding that there was no *res judicata* in this matter. The second set of objections targets the way the ALJ addressed the medical opinions it reviewed. Both the first objection and second set of objections are overruled

### A. *Res Judicata* & New Physical Impairment of Headaches

In her first objection, Plaintiff, argues, for the first time before the court, that the magistrate judge erred by not considering Plaintiff's new physical impairment---headaches and concluding that there was no *res judicata* in this matter. This objection, however, is overruled because Plaintiff has waived it by not asserting it prior to the objection period.

Plaintiff has not previously argued that the new physical impairment of the headaches warranted a more restrictive RFC. A mere mention of a new physical ailment, alone, is not sufficient to imply that a more restrictive RFC is justified.[1] It is well settled law that objections are waived[2] when they are asserted for the first time in the objections to the report and recommendation. *See* Hogston v. Comm'r of Soc. Sec., No. 16-1475, 2016 WL 9447154, at *3 (6th Cir. Dec. 29, 2016) (finding that arguments raised for the first time in objections are

---

[1] Defendant correctly states, "Plaintiff also overlooks that under controlling Sixth Circuit precedent, she cannot establish that the RFC was somehow underinclusive merely by referencing her diagnosis of headaches in her brief. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition"). ECF No. 20 at PageID #: 777.

[2] The Circuit has recently given guidance on the distinction between waiver and forfeiture. *United States v. Russell*, No. 20-3756, 2022 WL 468932, at *2 (6th Cir. Feb. 16, 2022). Waiver is the proper term here because *de novo* review of the magistrate judge's decision is a right that is "intentionally relinquished and abandoned" when Plaintiff does not assert an issue before the R&R is issued.

3

(1:20-CV-2009)

waived). With Plaintiff having waived this argument, the Court need not discuss the merits of it. Consequently, Plaintiffs first objection is overruled because it has been waived.

However, even if the argument had not been waived, the Court does not find it persuasive. The magistrate judge explicitly addressed Plaintiff's arguments regarding whether there was a *res judicata* error. See ECF No. 18 at PageID#: 761-62. Specifically, the magistrate judge acknowledged that the ALJ properly found that it was not bound by *res judicata*. Plaintiff has articulated no argument tracing how the headaches mentioned would have made that decision unreasonable. There is no basis to conclude that the magistrate judge committed error on this issue.

### B. ALJ's Evaluation of Medical Evidence

Plaintiff's other objections, which are compiled into this second section, are complaints about how the ALJ specifically evaluated the medical opinion evidence, and how the Report and Recommendation addressed the evaluation of medical evidence. Plaintiff takes issue with the ALJ favoring the decisions of State Agency requested consultative psychological analyst, Dariush Saghafi, M.D, while specifically discounting the opinions of two of Plaintiff's treating physicians, Dr. Janet Farrell, Ph.D; and Dr. Franciose Adan.

The Report and Recommendation indicated the correct standard that the ALJ was required to follow while considering the medical evidence. The controlling methodology for an ALJ to evaluate medical evidence is to consider the two most important factors: supportability and its consistency. *Jones v. Comm'r of Soc. Sec.*, No. 3:19-CV-01102, 2020 WL 1703735, at *2 (N.D. Ohio Apr. 8, 2020). In this matter, the ALJ followed that standard when reviewing the medical evidence at issue. See ECF No. 12 at PageID #: 88.

#### 1. Dr. Farrell's Opinion

4

(1:20-CV-2009)

Plaintiff claims that the magistrate judge improperly discounted the opinions of Dr. Farrell. However, the R&R specifically discussed that the ALJ was justified in discounting the opinions of Dr. Farrell, because Dr. Farrell's findings contradicted Plaintiff's self-reports of improvement. Having reviewed the transcript, the Court finds that the ALJ's evaluation of the treating physician's opinion is sufficiently justified in this case, because the ALJ gave reasons for why the physicians opinion was not given much weight. The ALJ was very specific about why he did not give credence to the opinion of Dr. Farrell, in multiple portions of the transcript. *See*. *Id*. at PageID#: 85,88, 89, 91. Based on these portions of the transcript it is apparent the ALJ both identified and explained how the substantial evidence showed that Dr. Farrell's opinion was not consistent with the record. Therefore, the objection related to the ALJ's evaluation of Dr. Farrell is overruled.

### 2. Dr. Adan's Opinion

Plaintiff claims the R&R did not properly analyze the finding that Dr. Adan's conclusions were not persuasive.[3] Plaintiff is correct that the R&R does not specifically address any *findings* by Dr. Adan. However, in relation to Dr. Adan, ALJ was specific about why he did find the opinions of Dr. Andan unpersuasive in multiple portions of the transcript. *See Id*. at PageID#: 85, 89-91. Based on those sections of the transcript, it is apparent the ALJ both identified and explained how the substantial evidence was purportedly inconsistent with the Dr. Adan's opinion, as required by law. Therefore, the objection related to the ALJ's evaluation of Dr. Adan is overruled.

---

[3] Plaintiff throughout the objection refers to a "Dr. Aran" but this appears to be a typo and that Plaintiff meant to refer to Dr. Franciose Adan. *See* ECF No. 12 at PageID #:86.

5

(1:20-CV-2009)

### 3. Dr. Saghafi's Opinion

Plaintiff finds issue the ALJ deciding that the conclusion of a State Agency requested consultative medical assessment conducted by Dariush Saghafi, M.D was significantly persuasive.

Plaintiff argues that this reliance is misplaced, because Dr. Saghafi's findings were inconsistent with agency regulations.  See ECF No. 19 at PageID #:772.  Specifically, Plaintiff points out that Dr. Saghafi found that Plaintiff can "carry 15 to 20 pounds for a distance of 50 to 60 feet, be on her feet for 15 to 20 minutes before taking a break, and bend, walk, and stand 15 to 20 minutes at a time", but also found that Plaintiff could engage in medium work.  Plaintiff argues that these two conclusions are inconsistent because medium work, according to the statute, is "lifting no more than 50 pounds at a time with frequent lifting or carrying or objects weighing up to 25 pounds."  See 20 C.F.R. § 404.1567 (2022).

Defendant argues that Plaintiff neglects other statements by Dr. Saghafi that would tend to show Plaintiff's ability to engage in medium work.  ECF No. 20 at PageID #:778-79.  The magistrate judge's review of Dr. Saghafi's decision does not address this specific discrepancy but does generally review how Dr. Saghafi's opinions were used in the decision-making of the ALJ.  ECF No. 18 at PageID #:786.

The Court has reviewed the transcript, and it is apparent that the overall weight given to Dr. Saghafi's decision is justified.  The ALJ followed the law and specifically explained why he gave Dr. Saghafi's conclusion the weight it was given:

> "I am significantly persuaded by Dr. Saghafi's assessment because it is based on his thorough physical examination of the claimant and his program knowledge regarding the medical disability evaluation standard set forth in the rules and regulations of Social Security disability law."

See  ECF No. 12. at PageID #: 87.

6

(1:20-CV-2009)

That the discrepancy Plaintiff points out *could* show that Dr. Saghafi's knowledge of the rules and regulations are not perfect. The discrepancy pointed out by Plaintiff is more semantic than substantive, when the record is considered as a whole.  The substance of Plaintiff's objection does not show that the ALJ improperly weighed and considered the overall supportability and consistency of Dr. Saghafi's opinion as required by law.  Therefore, Petitioner's objection in relation to the evaluation of Dr. Saghafi's opinion is overruled

Moreover, although there is no doubt that there is conflicting evidence about the severity of Plaintiff's impairments in this case, it is clear here that the ALJ did a sufficient job in evaluating the medical evidence despite the conflicting evidence.  Contrary to Plaintiff's assertions, the ALJ did in fact sufficiently proffer coherent explanations, and adequately explain his findings regarding the persuasiveness of the treating sources.  Therefore, there is no legal justification for the Court to remand this matter for new proceedings.

### IV. Conclusion

Accordingly, for the reasons above, Plaintiff's objections (ECF No. 25) are overruled. The Report and Recommendation (ECF No. 24) is adopted.

IT IS SO ORDERED.

| | |
|---|---|
| March 1, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |